UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHARON-SHAWN A. BELL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 22-30076-KAR |
| NICOLAS COCCHI, et al., | ) ) ) | |
| Defendants. | ) | |

ORDER

ROBERTSON, U.S.M.J.

*Pro se* litigant Sharon-Shawn A. Bell ("Plaintiff") has filed a civil action in which she claims that certain Social Security benefits (including Medicare) have been wrongfully terminated. In the same complaint, she brings claims concerning conditions of the confinement at the Western Massachusetts Regional Women's Correctional Center, where she was incarcerated. However, Plaintiff has since filed a motion to withdraw those claims and for immediate relief on her claims concerning Social Security benefits (Dkt. No. 4). Plaintiff has also filed a motion for leave to proceed *in forma pauperis* (Dkt. No. 2), and has consented to the jurisdiction of the Magistrate Judge (Dkt. No. 5).[1] For the reasons stated below, the Court will grant the motions to withdraw and for leave to proceed *in forma pauperis* and order Plaintiff to file an amended complaint.

---

[1] Effective consent would require the consent of the plaintiff and the defendant or defendants. *See* 28 U.S.C. § 636(c)(1)-(2). At this time, no defendant has been served, appeared, or addressed the question of consent.

I.     Motion to Withdraw

Bell's motion (Dkt. No. 4) is GRANTED insofar as Bell seeks to withdraw her claims concerning her incarceration. Said claims are therefore DISMISSED without prejudice and the defendants in these claims (Nicholas Cocchi, Colleen Stocks, Theresa Finnegan, Western Mass. Regional Women's Correctional Center) shall be terminated as parties to this action.

II.    Motion for Leave to Proceed *in Forma Pauperis*

Upon review of Plaintiff's motion for leave to proceed *in forma pauperis*, the Court GRANTS the same.

III.   Review of the Complaint

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to a preliminary screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Further, a court has an obligation to inquire *sua sponte* into its own jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). In conducting this review, the Court liberally construes Plaintiff's complaint because she is proceeding *pro se*.

Claims seeking Social Security benefits, including claims based on allegations of improper handling of benefit requests, must be brought under the Social Security Act, 42 U.S.C. § 405(g), and relief is limited to the benefits for which the plaintiff is eligible. *See Schweiker v. Chilicky*, 487 U.S. 412, 424-25, 429 (1988) (stating that the Social Security Act does not contain a "remedy in damages for emotional distress or for other hardships suffered because of delays in . . . receipt of Social Security benefits"). The Commissioner of Social Security is the only proper

defendant in an action challenging the denial of Social Security benefits.  *See* 42 U.S.C. § 405(g).

The United States (including its agencies and employees acting in an official capacity) have sovereign immunity from suit unless such immunity has been waived.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  An agency's waiver of immunity must be "unequivocally expressed" and will be strictly construed in favor of immunity.  *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 95 (1990)).

The Social Security Act contains a very narrow waiver of sovereign immunity.  *See* 42 U.S.C. §§ 405(g) and (h).  Pursuant to § 405(g), an individual may seek judicial review of a "final decision" of the Commissioner of the Social Security Administration.  *See* 42 U.S.C. § 405(g).  Section 405(h) provides that § 405(g) is the sole avenue to judicial review under the Social Security Act.  See 42 U.S.C. § 405(h) ("[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed . . . except as herein provided").  The Social Security Act itself does not define "final decision," and the Supreme Court has held that the term should be defined by the applicable regulations.  *See Sims v. Apfel*, 530 U.S. 103, 106 (2000). The regulations of the Social Security Administration provide an administrative process consisting of (1) an initial determination; (2) reconsideration of the initial determination; (3) a hearing before an administrative law judge; and (4) review of the administrative law judge's decision by an Appeals Council.  *See* 20 C.F.R. § 404.900(a)(1)-(4).  The regulations also state: "When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this subsection, we will have made our final decision.  If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court." 20 C.F.R. § 404.900(a)(5).

Here, Plaintiff does not allege that she has exhausted, or even started, the administrative remedy process.  In the absence of any suggestion that Plaintiff has exhausted her administrative remedies, the doctrine of sovereign immunity prevents this Court from exercising jurisdiction over a claim concerning the denial of Social Security benefits.

To prosecute this case, Plaintiff must file an amended complaint in which she alleges that she has completed each step of the administrative remedy process.  If she has not exhausted her administrative remedies, Plaintiff must do so prior to bringing suit in this Court.

IV.     Conclusion

In accordance with the foregoing, the Court hereby orders:

1.      The motion for leave to proceed *in forma pauperis* is GRANTED.

2.      If Plaintiff wishes to pursue this action, she must, within thirty-five (35) days, file an amended complaint in which she identifies (1) the benefit she seeks from the Social Security Administration; and (2) the steps she has taken to exhaust her administrative remedies.   Failure to comply with this directive may result in dismissal of this action by a District Judge.

SO ORDERED.

 /s/ Katherin A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED:  December 5, 2022